IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 13-cv-2728-WJM-MEH

ALFONSO CARRILLO,
LUIS E. GUTIERREZ,
JANETT PINA,
MARIA E. CARRILLO,
HUGO A. PACHECO,
SELVIN CARDOZA,
LAURA P. GUTIERREZ,
GERMAN JASSO BRUNO
JOSE M. VELAZQUES,
FRANCISCO SANTOS,
SILVIA DORADO, and
RAYMUNDO CASTILLO

      Plaintiffs,

v.

DOUGLAS LEO ROMERO, in his official and individual capacity,
TIMOTHY EDSTROM in his official and individual capacity,
TRACI CHRISTY, in her official and individual capacity,
LAW OFFICE OF DOUGLAS L. ROMERO,
COLORADO SUPREME COURT'S OFFICE OF ATTORNEY REGULATION
COUNSEL,
JAMES S. SUDLER, in his official and individual capacity, and
KIM E. IKELER, in her official and individual capacity,

      Defendants.

---

## ORDER *SUA SPONTE* DISMISSING CASE

---

On October 4, 2013, Plaintiffs filed a Complaint pursuant to 42 U.S.C. § 1983

alleging that Defendants violated their constitutional rights, engaged in legal

malpractice, and breached a fiduciary duty.  (ECF No. 1.)  Under Federal Rule of Civil

Procedure 12(b)(6), the Court may dismiss a complaint *sua sponte*[1] "when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   For the reasons set forth below, the Court finds that Plaintiffs' Complaint fails to state a claim upon which relief could be granted and that amendment would be futile.

## I.  FACTUAL BACKGROUND

Plaintiffs, who are Hispanic, allege in the Complaint that on January 3, 2012, several of them filed *pro se* a civil complaint in Case No. 12-cv-3-WJM-MEH, asserting that they were harmed by alleged fraudulent foreclosure practices engaged in by the various law firms, as counsel for note holders, who allegedly conspired with the Denver District Attorney and various local news agencies to deprive the Plaintiffs of their homes, in violation of Plaintiffs' federal due process and statutory rights.[2]  Plaintiffs retained the Defendant Romero Law Firm to represent their interests in Civil Action No. 12-cv-3-WJM-MEH and paid a $10,000 retainer fee.  (ECF No. 1 at 16.)

Plaintiffs supplied the Defendant Romero Law Firm and the law firm's attorneys, Defendants Romero, Edstrom, and Christy (collectively the "Romero Law Firm Defendants"), with evidence to support their claims in that case.  Plaintiffs assert that

---

[1]  Defendants Douglas Romero, Timothy Edstrom, and the Law Office of Douglas Romero filed a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) on November 19, 2013. (ECF No. 37.)  However, because the briefing on this Motion is not complete, and to avoid the unnecessary expenditure of additional resources by any of the Defendants, the Court chooses to dismiss this case *sua sponte*.

[2]  As the presiding judge over Case No. 12-cv-3, the Undersigned is very familiar with the claims raised and proceedings held therein.

2

Defendant Romero failed to disclose to them, during the pendency of Case No. 12-cv-3-WJM-MEH, that he was under investigation by the Colorado Office of Attorney Regulation Counsel ("OARC") for ethical violations, including conversion of client funds. Plaintiffs maintain that during the investigation, the OARC precluded Mr. Romero from continuing to represent the plaintiffs in Case No. 12-cv-3-WJM-MEH and that the civil action was ultimately dismissed despite Plaintiffs' meritorious claims.  (ECF No. 1 at 20-24.)

In this action, Plaintiffs claim that the Romero Law Firm Defendants conspired with Defendants OARC, James S. Sudler, and Kim E. Ikeler (together "the OARC Defendants") and the foreclosing law firms (the defendants in Case No. 12-cv-3-WJM-MEH) to "protect the ongoing multi-billion 'Home Theft Industry,'" in deprivation of the Plaintiffs' constitutional and civil rights and the Fair Housing Act.  (Compl. at 20.) Plaintiffs further assert that the Romero Defendants and the OARC Defendants engaged in a conspiracy with "official regulatory agencies" to violate Plaintiffs' federal statutory and constitutional rights.  (*Id*. at 21.)  Additionally, Plaintiffs allege that Defendant OARC maintained a groundless prosecution against Plaintiff Alfonso Carrillo in 2012 for filing lawsuits on behalf of others, in an attempt to interfere with Plaintiff Carrillo's constitutional right to file complaints in state and federal court.  (*Id*. at 25.)

Plaintiffs assert claims for deprivation of their civil rights under 42 U.S.C. §§ 1981, 1982, 1983, and 1985, and the Fair Housing Act, 42 U.S.C. § 3601, *et seq.*, as well as various state law tort claims.  Plaintiffs further assert violations of federal criminal statutes. They seek monetary and injunctive relief, including an order for the investigation and suspension from the practice of law of each named individual Defendant.

3

## II.  CLAIMS AGAINST ROMERO LAW FIRM DEFENDANTS

As set forth above, Plaintiffs allege that the Romero Law Firm Defendants violated their rights under 42 U.S.C. §§ 1981, 1982, 1983, and 1985, and the Fair Housing Act, 42 U.S.C. § 3601, *et seq.*  The Court will address each in turn below.

### A.      Section 1981

To establish a prima facie case under § 1981, the Plaintiffs must show: "(1) that [they belong to] a protected class; (2) that the defendant had the intent to discriminate on the basis of race; and (3) that the discrimination interfered with a protected activity as defined in § 1981." *Hampton v. Dillard Dep't Stores, Inc.*, 247 F.3d 1091, 1101-02 (10th Cir. 2001).  Section 1981 protects four interests:  (1) the right to make and enforce contracts; (2) the right to sue, be parties, and give evidence; (3) the right to the full and equal benefit of the laws; and (4) the right to be subjected to like pains and punishments. *See Shawl v. Dillard's, Inc.*, 17 F. App'x 908, 910 (10th Cir. 2001); 42 U.S.C. § 1981.

The Complaint's "Causes of Action" section provides: "Violation and Interference of 42 U.S.C. § 1981; (a) Equal protection rights, (b) Due Process in "Making and enforcing contracts" and, (c) Protection against impairment."  (ECF No. 1 at 5.) However, the factual allegations in the Complaint fail to directly link any of the allegedly wrongful acts with the right to make and enforce contracts.  The Court takes no position on whether Plaintiffs may be able to bring a claim against the Romero Law Firm Defendants for breach of contract or ineffective assistance of counsel based on the way in which these Defendants represented (or failed to represent) Plaintiffs' interests in

4

Case No. 12-cv-3.  However, because Plaintiffs have made no effort to tie any of their

factual allegations to a § 1981 claim, the Court has little difficulty concluding that

Plaintiffs have failed to allege sufficient facts to put Defendants on notice as to the

nature of such claim.  This failure is a basis for dismissal.  *See Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 546 (2007) (to survive a Rule 12(b)(6) dismissal, a complaint

"requires more than labels and conclusions, and a formulaic recitation of the elements

of a cause of action will not do."); *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009)

(stating that a plaintiff's complaint must set forth more than a threadbare recital "of the

elements of a cause of action, supported by mere conclusory statements").

**B.**     **Section 1982**

Section 1982 provides that "[a]ll citizens of the United States shall have the same

right . . . as is enjoyed by white citizens . . . to inherit, purchase, lease, sell, hold, and

convey real and personal property."  The statute is intended to prohibit discrimination

based on race in the sale and rental of real and personal property.  *See Tennessee v.*

*Lane*, 541 U.S. 509, 561 (2004) (Scalia, J., dissenting) (describing § 1982 as "banning

public or private racial discrimination in the sale and rental of property"); *Jones v. Alfred*

*H. Mayer Co.*, 392 U.S. 409, 413 (1968); *see also Delaunay v. Collins*, No. 02-8097, 97

F. App'x 229, 233 (10th Cir. March 2, 2004) (discussing elements of § 1982 claim).

Plaintiffs do not allege facts in the Complaint to show that the Romero Law Firm

Defendants treated them differently than Caucasian persons with regard to any of the

property rights protected by § 1982.  While the nature of Plaintiffs' claims in Case No.

12-cv-3-WJM-MEH related to their rights to possess and own real property, nothing

about the claims in this case involves real property.  Plaintiffs had an attorney-client relationship with the Romero Law Firm Defendants where they paid these Defendants a sum of money in exchange for attorney services.  There is no real property implicated in that kind of relationship.  Accordingly, the Court finds that Plaintiffs have failed to state a § 1982 claim.

## C.    Section 1983

Section 1983 provides a cause of action against a person who deprives another of a constitutional or federal statutory right while acting under color of state law.  *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 151 (1970); *see also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 935 & n.18 (1982) (liability attaches only to conduct occurring under color of state law, and conduct constituting "state action" under the Fourteenth Amendment satisfies this requirement).  "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful."  *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999).

Plaintiffs cannot state a § 1983 claim against the Romero Law Firm Defendants because they are indisputedly private entities or individuals.  Plaintiffs make no allegation as to any actions taken under the color of law.  Therefore, regardless of whether the Romero Law Firm Defendants acted with a discriminatory purpose, or otherwise violated Plaintiffs' constitutional rights, § 1983 does not provide relief.

Additionally, to the extent Plaintiffs attempt to allege that the Romero Law Firm Defendants conspired with state officials to deprive them of rights, these allegations fail to state a claim as they are vague and conclusory.  *See Tonkovich v. Kan. Bd. of*

*Regents*, 159 F.3d 504, 533 (10th Cir. 1994) ("Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim."); *Durre v. Dempsey*, 869 F.2d 543, 545 (10th Cir. 1989) (to state a cause of action for conspiracy under § 1983, a plaintiff must "allege specific facts showing agreement and concerted action among defendants.").

For these reasons, the Court finds that Plaintiffs have failed to state a claim for a violation of 42 U.S.C. § 1983 by any of the Romero Law Firm Defendants.

**D.    FHA Claims**

Plaintiffs bring claims under the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq.*, and specifically § 3617.  (ECF No. 1 at 5.)  The FHA was "designed primarily to prohibit discrimination in the sale, rental, financing, or brokerage of private housing and to provide federal enforcement procedures for remedying such discrimination . . . ." *Lyons v. Kyner*, 367 F. App'x 878, 883 (10th Cir. 2010) (citing *Otero v. N.Y. City Hous. Auth.*, 484 F.2d 1122, 1133 (2d Cir. 1973); *see also* 42 U.S.C. § 3604(a) and (b).  The statute authorizes a private cause of action.  *See* 42 U.S.C. § 3613.

The elements of a § 3617 claim are:  (1) plaintiff is a member of a protected class under the Fair Housing Act; (2) plaintiff exercised or enjoyed a right protected by Sections 3603 through 3606, or aided or encouraged others in exercising or enjoying such rights; (3) intentional discrimination at least partially motivated defendants' conduct; and (4) defendants' conduct constituted coercion, intimidation, threat, or interference on account of having exercised, or aided or encouraged others in exercising, a right protected under Sections 3603 through 3606." *Zhu v. Countrywide Realty Co.*, 160 F. Supp. 2d 1210, 1233 (D. Kan. 2001).

7

Plaintiffs cannot maintain a claim against the Romero Law Firm Defendants under the FHA because the Complaint is devoid of any allegations that the Defendants sold or financed real property, *see* 42 U.S.C. § 3604, or otherwise engaged in a "real estate-related transaction" with the Plaintiffs, as that term is defined in the FHA.  42 U.S.C. § 3605(b); *see also* § 3605(a) (prohibiting discrimination in a residential real estate related transaction, or in the terms and conditions of such transaction).  Nor is there any allegation that the Romero Law Firm Defendants provided brokerage services.  *See* 42 U.S.C. § 3606.  As such, Plaintiffs have failed to allege sufficient facts to show that their claims against the Romero Law Firm Defendants involved rights protected by the FHA and have therefore failed to state a claim.

**E.     Criminal Statutes**

Plaintiffs allege that they are bringing a "criminal complaint" and "request for prosecution" for violations of 18 U.S.C. §§ 241, 242, 245, as well as 42 U.S.C. §§ 3631 and 14141.  (ECF No. 1 at 5.)  However, "[p]rivate citizens generally have no standing to institute federal criminal proceedings."   *Winslow v. Romer*, 759 F. Supp. 670, 673 (D. Colo. 1991).  Moreover, Plaintiffs may not rely on these criminal statutes as a basis for this civil action because criminal statutes do not create a private right of action.  *See, e.g., Newcomb v. Ingle*, 827 F.2d 675, 676 n.1 (10th Cir. 1987) (recognizing that 18 U.S.C. § 241 is a criminal statute which does not provide for a private civil cause of action).

Accordingly, Plaintiffs have failed to state a claim under any federal criminal statute.

**F.       Section 1985**

The elements of a 42 U.S.C. § 1985 conspiracy claim are:  (1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom." *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971)).  Section 1985 applies only to conspiracies motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *Griffin*, 403 U.S. at 101-02.

Section 1985(3) does not create an independent cause of action.  Instead, a plaintiff must "point to independent substantive rights enforceable in the federal courts" to serve as a predicate violation.  *Wheeler v. Swimmer*, 835 F.2d 259, 261 (10th Cir. 1987).  As set forth above, Plaintiffs have failed to state a claim for any independent substantive right enforceable in federal court.  As such, Plaintiffs have failed to state a claim for conspiracy to violate such rights.

Moreover, "[s]ection 1985(3) conspiracy claims cannot stand on 'vague and conclusory allegations'; but rather, 'must be plead with some degree of specificity.'" *O'Conner v. St. John's Coll.*, 290 F. App'x. 137, 141 (10th Cir. 2008).  In the section entitled "Causes of Action", Plaintiffs list "Conspiracy to Interfere with Civil Rights Prohibited under 42 U.S.C. § 1985".  (ECF No. 1 at 5.)  Aside from this, the only allegations that could potentially relate to a § 1985 claim are general uses of the word "conspiracy" throughout the Complaint.  Plaintiffs' Complaint is full of exactly the kind of vague and conclusory allegations that are insufficient to state a § 1985 claim.

Finally, to the extent Plaintiffs allege that the Romero Law Firm Defendants conspired with each other, or with other private individuals or entities, they cannot state a § 1985 claim.  The statute does not apply to private conspiracies that are "aimed at a right that is by definition a right only against state interference," but applies only to such conspiracies as are "aimed at interfering with rights . . . protected against private, as well as official, encroachment."  *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 278 (1993).  To date, the only rights recognized as protected against both private and official interference are the Thirteenth Amendment rights to interstate travel and to be free from involuntary servitude.  *See United States v. Kozminski*, 487 U.S. 931 (1988); (involuntary servitude); *United States v. Guest*, 383 U.S. 745, 759 n.17 (1966) (interstate travel).  Neither of these rights are implicated in this case and, as such, Plaintiffs cannot state a § 1985 claim related to a private conspiracy.

### III.  CLAIMS AGAINST STATE DEFENDANTS

Plaintiff has sued Defendants James S. Sudler and Kim E. Ikeler in both their official and personal capacities, as well as the Colorado Supreme Court's OARC. (Compl. ¶ 2.4.5-2.4.7.)  The Court will address the claims against these entities in turn below.

### A.      Claims Against the OARC and Official Capacity Claims

The State of Colorado and its entities are protected by Eleventh Amendment immunity.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988).  "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an

unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Okla. Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994).  The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colo.*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979).  The Eleventh Amendment applies to all suits against the state and its agencies, regardless of the relief sought.  *See Higganbotham v. Okla. Transp. Comm'n*, 328 F.3d 638, 644 (10th Cir. 2003).  Therefore, all claims against the OARC are barred by the Eleventh Amendment and must be dismissed.

Additionally, the claims brought against governmental officers in their official capacities are essentially claims brought against the governmental entity itself. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985).  As Defendants Sudler and Ikeler are employed by the State of Colorado's Office of Attorney Discipline, Plaintiffs' official capacity claims are essentially brought against the state.  As such, these claims are barred by the Eleventh Amendment and must be dismissed.  *See United States v. Sherwood*, 312 U.S. 584, 586 (1941); *Pleasant v. Lovell*, 876 F.2d 787, 793 (10th Cir. 1989).

## B.    Individual Capacity Claims

The Complaint does not specify which claims Plaintiffs bring against Defendants Sudler and Ikeler in their individual capacities.  Thus, in the interest of completeness, the Court will address all of the statutes cited by Plaintiffs.

11

1.      Claims under § 1981, § 1982, § 1985, FHA, and federal criminal statutes

To the extent Plaintiffs bring claims against Defendants Sudler and Ikeler under the FHA, § 1981 or § 1982, these claims fail for the same reasons set forth above as to the Romero Law Firm Defendants.  Specifically, there is no indication that either Sudler or Ikeler engaged with Plaintiffs with regard to any real or personal property, which dooms Plaintiffs' FHA and § 1982 claims.  Moreover, Plaintiffs have failed to the existence of a contract between themselves and Sudler or Ikeler, or that either of these Defendants interfered with an existing contract.  As such, Plaintiffs have failed to state a § 1981 claim.  With regard to § 1985, Plaintiffs have failed to allege any conspiracy to violate constitutional rights with the requisite specificity.  Moreover, Plaintiffs have failed to plead sufficient facts establishing a predicate constitutional violation.  Finally, Plaintiffs cannot bring a claim under federal criminal statutes against these Defendants. Accordingly, all of these claims must be dismissed.

2.      Section 1983

Plaintiffs appear to bring a § 1983 claim against Sudler and Ikeler relating to an action brought by these Defendants against Mr. Carrillo in the Colorado Supreme Court for unauthorized practice of law.  (ECF No. 1 at 25.)  The Court initially notes that only Plaintiff Carrillo is involved in the case alleging unauthorized practice of law and, as such, to the extent he had a claim arising out of that action, it is not properly joined with the rest of the claims alleged here.  *See* Fed. R. Civ. P. 20(a).

More significantly, however, Defendants Ikeler and Sudler are entitled to absolute prosecutorial immunity for their involvement with the prosecution of Plaintiff Carrillo for unauthorized practice of law.  "[B]ar officials charged with the duties of

investigating, drawing up, and presenting cases involving attorney discipline enjoy absolute immunity from damage claims for such functions." *Clulow v. State of Okla.*, 700 F.2d 1291, 1298 (10th Cir. 1983), *overruled on other grounds by Garcia v. Wilson*, 731 F.2d 640 (10th Cir. 1984); *see also McCormick v. City of Lawrence*, 253 F. Supp. 2d 1156, 1166 (D. Kan. 2003) (finding that two state officials charged with investigating the unauthorized practice of law were entitled to absolute immunity against any claims arising from that investigation).  Given this immunity, Plaintiffs § 1983 claims against Defendants Sudler and Ikeler must be dismissed.

## IV.  STATE LAW CLAIMS AGAINST ALL DEFENDANTS

Plaintiffs also bring a number of claims for legal malpractice, breach of contract, breach of fiduciary duty, negligence, and violation of the Colorado Professional Rules of Conduct.  (ECF No. 1 at 5.)

Plaintiffs' Complaint alleges that this Court has jurisdiction under 28 U.S.C. § 1331 based on the claims brought under federal laws.  (ECF No. 1 at 10.)  However, these claims have now been dismissed and, therefore, the Court has an independent duty to examine its continuing jurisdiction.  *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

All of Plaintiffs remaining claims are grounded in state law.  A federal court does not have independent jurisdiction over state law claims unless those state law claims "turn on substantial questions of federal law."  *Grable & Sons Metal Prods., Inc. v. Darue*, 545 U.S. 308, 312 (2005).  Having reviewed the allegations in the Complaint, the Court finds that none of the state law claims at issue in this case turn on questions

of federal law.

Federal supplemental subject matter jurisdiction over state law claims "is extended at the discretion of the court and is not a plaintiff's right." *TV Commc'ns Network, Inc. v. Turner Network Television, Inc.*, 964 F.2d 1022, 1028 (10th Cir. 1992) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). "[A] federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Carnegie–Mellon Univ.*, 484 U.S. at 350. In the interest of comity and federalism, district courts are advised against making "needless decisions of state law." *TV Commc'ns Network, Inc.*, 964 F.2d at 1028. If federal claims are dismissed before trial, leaving only issues of state law, the federal district court should ordinarily decline to exercise supplemental jurisdiction by dismissing the case without prejudice. *Brooks v. Gaenzle*, 614 F.3d 1213, 1229 (10th Cir. 2010) (citing *Carnegie–Mellon Univ.*, 484 U.S. at 350).

The instant suit is in its very early stages. Most of the Defendants have yet to appear or defend against this case. Thus, issues of judicial economy and fairness are not implicated here. *See Carnegie–Mellon Univ.,* 484 U.S. at 350. Rather, the issues of comity and federalism are at the forefront, because the Court would have to decide matters of state law if it continued to exercise jurisdiction over Plaintiffs' remaining claims. *See McWilliams v. Jefferson Cnty.*, 463 F.3d 1113, 1117 (10th Cir. 2006). "Notions of comity and federalism demand that a state court try its own lawsuits, absent

compelling reasons to the contrary." *Thatcher Enters. v. Cache Cnty. Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990). The remaining causes of action are grounded in Colorado common law; no federal laws are implicated by these claims. Thus, there is not a compelling reason to maintain jurisdiction over this suit.

The Court finds that the remaining claims would be better addressed in state court. *See Gaenzle*, 614 F.3d at 1229; *TV Commc'ns Network, Inc.*, 964 F.2d at 1028; *Thatcher Enters.*, 902 F.2d at 1478. Accordingly, the Court declines to exercise its supplemental jurisdiction over the remaining claims and will dismiss those claims without prejudice.

## V.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.      Plaintiffs' Complaint (ECF No. 1) is *sua sponte* DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief could be granted;

2.      The Romero Law Firm Defendants' Motion to Dismiss (ECF No. 37) is DENIED AS MOOT.

3.      The Clerk shall close this case.

Dated this 21st day of November, 2013.

BY THE COURT:

William J. Martinez
United States District Judge